# OFFICE OF THE FEDERAL PUBLIC DEFENDER
## DISTRICT OF MARYLAND
NORTHERN DIVISION
TOWER II, 9TH FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL: (410) 962-3962
FAX: (410) 962-0872
TOLL FREE: (855) 213-8450

JAMES WYDA
FEDERAL PUBLIC DEFENDER

SHARI SILVER DERROW
ASSISTANT FEDERAL PUBLIC DEFENDER

July 3, 2018

The Honorable Richard D. Bennett
United States District Court
  for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

Re: United States v. John Michael Fowler
    Crim. No. RDB-17-0644

Dear Judge Bennett:

Mr. Fowler has agreed to plead guilty to the Indictment charging him with four counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) (Counts One through Four); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) & (b)(2) (Count Five). The parties have not entered into a plea agreement. The purpose of this letter is to memorialize the factual basis for the plea and to assist the Court in the Rule 11 colloquy.

## Offenses of Conviction

1. Mr. Fowler agrees to plead guilty to Counts One through Four of the Indictment now pending against him, charging him with production of child pornography, in violation of 18 U.S.C. § 2251(a). Mr. Fowler also agrees to plead guilty to Count Five of the Indictment now pending against him, charging him with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) & (b)(2). Mr. Fowler admits that he is, in fact, guilty of those offenses and will so advise the Court.

## Elements of the Offense

2. The elements of the offense to which Mr. Fowler has agreed to plead guilty, and which the Government would prove if the case went to trial are as follows:

   a. <u>Counts One through Four (Production of Child Pornography)</u>

That on or about the dates specified in Counts One through Four of the Indictment, in the District of Maryland, the Defendant:

First, knowingly employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct;

Second, for the purpose of producing a visual depiction of such conduct; and

Third, the Defendant had reason to know that the visual depiction would be transported in interstate commerce, said visual depiction was transported in interstate or foreign commerce, or the materials used to produce the visual depiction were transported in interstate commerce.

      b.     Count Five (Possession of Child Pornography)

That on or about the dates specified in Count Five of the Indictment, in the District of Maryland, the Defendant:

First, knowingly possessed a visual depiction;

Second, the visual depiction was transported in interstate or foreign commerce or the visual depiction was produced using materials that had been transported in interstate or foreign commerce;

Third, the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrays that minor engaged in that conduct; and

Fourth, the Defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrayed a minor engaged in that conduct.

## Penalties

3. The maximum sentence provided by statute for each count of production of child pornography is as follows: not less than fifteen (15) years and not more than thirty (30) years imprisonment, followed by a term of supervised release of not more than life and a fine of up to $250,000. The maximum sentence provided by statute for possession of child pornography is as follows: not more than twenty (20) years imprisonment, followed by a term of supervised release of not more than life and a fine of up to $250,000. In addition, Mr. Fowler understands that he must pay a $500 special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. Mr. Fowler understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and Mr. Fowler could be returned to custody to serve another period of incarceration and a new term of supervised release. Mr. Fowler understands that the Bureau of Prisons has sole discretion in designating the institution at which he will serve any term of imprisonment imposed.

## Waiver of Rights

4. Mr. Fowler understands that by pleading guilty, he surrenders certain rights as outlined below:

a. If Mr. Fowler had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if Mr. Fowler, the Government, and the Court all agreed.

b. If Mr. Fowler elected a jury trial, the jury would be composed of twelve individuals selected from the community. Undersigned counsel and Mr. Fowler would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before Mr. Fowler could be found guilty of any count. Similarly, all twelve jurors would have to agree in order for Mr. Fowler to be found not guilty. The Court would instruct the jury that Mr. Fowler was presumed to be innocent, and that presumption could be overcome only by proof that satisfied the jury beyond a reasonable doubt.

c. If Mr. Fowler went to trial, the Government would have the burden of proving Mr. Fowler guilty beyond a reasonable doubt. Mr. Fowler would have the right to confront and cross-examine the Government's witnesses. Mr. Fowler would not have to present any defense witnesses or evidence whatsoever. If Mr. Fowler wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d. Mr. Fowler would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that it could not draw any adverse inference from his decision not to testify. In other words, the Court would tell the jury that it could not believe that Mr. Fowler was guilty simply because he did not testify.

e. If Mr. Fowler were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him.

f. By pleading guilty, Mr. Fowler will be giving up all of these rights, except the right to appeal the sentence. By pleading guilty, Mr. Fowler understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case.

g. If the Court accepts Mr. Fowler's plea of guilty ~~as to Count One~~ as to Counts One through five, there will be no further trial or proceeding of any kind with respect to Count~~s~~ One through five, and the Court will find him guilty of Count~~s~~ One through five. ~~The remaining 19 counts of the indictment will still be pending against him and will be set for trial.~~

h. By pleading guilty, Mr. Fowler will also be giving up certain valuable civil rights. He understands that, if he is not a citizen of the United States, there are immigration consequences associated with this conviction and has been counseled accordingly.

## Sentencing Guidelines Apply

5. Mr. Fowler understands that a sentencing guidelines range for this case (henceforth the "advisory guidelines range") will be determined by the Court pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. Mr. Fowler further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a sufficient sentence.

## Factual Statement

6. Mr. Fowler agrees that the Government would prove beyond a reasonable doubt the following facts if this case were to proceed to trial:

The Defendant, John Michael Fowler, age 27, is a resident of Randallstown, Maryland. As detailed below, between approximately 2013 and 2014, Mr. Fowler engaged in sexual contact with a minor, Jane Doe, and produced 4 images of Jane Doe engaged in sexually explicit conduct. Additionally, Mr. Fowler maintained the 4 produced images of child pornography on his digital device—in particular, an HP Pavilion G6 laptop computer, HP Serial # 5CD2491X98.

### Count One (Production of Child Pornography)

On an unknown date but between approximately 2013 and 2014, Mr. Fowler knowingly employed, used, persuaded, induced, enticed, and coerced a minor, Jane Doe, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. In particular, Mr. Fowler produced an image depicting Jane Doe, a prepubescent female, nude, touching an adult male penis. The image was produced using, and stored on, an HP Pavilion G6 laptop computer, HP Serial # 5CD2491X98.

### Count Two (Production of Child Pornography)

On an unknown date but between approximately 2013 and 2014, Mr. Fowler knowingly employed, used, persuaded, induced, enticed, and coerced a minor, Jane Doe, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. In particular, Mr. Fowler produced an image depicting Jane Doe, a prepubescent female, nude, next to a nude adult male who is holding his erect penis. The image was produced using, and stored on, an HP Pavilion G6 laptop computer, HP Serial # 5CD2491X98.

[handwritten: his own GW JJD JMF]

### Count Three (Production of Child Pornography)

On an unknown date but between approximately 2013 and 2014, Mr. Fowler knowingly employed, used, persuaded, induced, enticed, and coerced a minor, Jane Doe, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. In particular, Mr. Fowler produced an image depicting, from the side, a nude adult male appearing to engage in intercourse with Jane Doe, a prepubescent female. The image was produced using, and stored on, an HP Pavilion G6 laptop computer, HP Serial # 5CD2491X98.

Count Four (Production of Child Pornography)

On an unknown date but between approximately 2013 and 2014, Mr. Fowler knowingly employed, used, persuaded, induced, enticed, and coerced a minor, Jane Doe, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. In particular, Mr. Fowler produced an image depicting a nude adult male sitting underneath Jane Doe, a nude prepubescent female, while appearing to engage in intercourse with Jane Doe. The image was produced using, and stored on, an HP Pavilion G6 laptop computer, HP Serial # 5CD2491X98.

Count Five (Possession of Child Pornography)

On February 16, 2017, Mr. Fowler's residence was searched by law enforcement investigators. During the execution of the search warrant, agents seized a number of electronic devices from Mr. Fowler's bedroom, including the HP Pavilion G6 laptop computer, HP Serial # 5CD2491X98, referenced above. Mr. Fowler's HP Pavilion G6 laptop computer, HP Serial # 5CD2491X98 was forensically examined. Investigators found the four above-described images of child pornography on the device, and determined that it had been used to produce the child pornography.

The digital device was manufactured outside of the State of Maryland. The child pornography found in Mr. Fowler's possession was therefore produced using materials that had been transported in or affecting interstate commerce.

## Advisory Sentencing Guidelines Factors

7. The sentencing guidelines have not been determined in this case. Mr. Fowler understands that generally, the following analysis applies:

Count One (Production of Child Pornography)

a. The base offense level for production of child pornography is 32 pursuant to U.S.S.G. § 2G2.1(a).

b. Pursuant to U.S.S.G. § 2G2.1(b)(1), there is a four (4) level increase because the victim in this case was under the age of 12 at the time of the offense. (Subtotal: 36).

c. Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), there is a two (2) level increase because the offense involved the commission of a sex act or sexual contact. (Subtotal: 38).

Count Two (Production of Child Pornography)

a. The base offense level for production of child pornography is 32 pursuant to U.S.S.G. § 2G2.1(a).

b. Pursuant to U.S.S.G. § 2G2.1(b)(1), there is a four (4) level increase because the victim in this case was under the age of 12 at the time of the offense. (Subtotal: 36).

c. Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), there is a two (2) level increase because the offense involved the commission of a sex act or sexual contact. (Subtotal: 38).

### Count Three (Production of Child Pornography)

a. The base offense level for production of child pornography is 32 pursuant to U.S.S.G. § 2G2.1(a).

b. Pursuant to U.S.S.G. § 2G2.1(b)(1), there is a four (4) level increase because the victim in this case was under the age of 12 at the time of the offense. (Subtotal: 36).

c. Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), there is a two (2) level increase because the offense involved the commission of a sex act or sexual contact. (Subtotal: 38).

### Count Four (Production of Child Pornography)

a. The base offense level for production of child pornography is 32 pursuant to U.S.S.G. § 2G2.1(a).

b. Pursuant to U.S.S.G. § 2G2.1(b)(1), there is a four (4) level increase because the victim in this case was under the age of 12 at the time of the offense. (Subtotal: 36).

c. Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), there is a two (2) level increase because the offense involved the commission of a sex act or sexual contact. (Subtotal: 38).

### Count Five (Possession of Child Pornography)

a. The base offense level for possession of child pornography is 18 pursuant to U.S.S.G. § 2G2.2(a)(1).

b. Pursuant to U.S.S.G. § 2G2.2(b)(2), there is a two (2) level increase because the victim in this case was under the age of 12 at the time of the offense. (Subtotal: 20).

c. Pursuant to U.S.S.G. § 2G2.2(b)(6), there is a two (2) level increase because the offense involved the use of a computer. (Subtotal: 22).

### Grouping

a. Pursuant to U.S.S.G. § 3D1.4, because there are four (4) units, the highest offense level (38) is increased by 4 levels. (Subtotal: 42).

b. Based on Mr. Fowler's prompt recognition and affirmative acceptance of responsibility for his criminal conduct, he will receive a two-level reduction in the base offense level under U.S.S.G. § 3E1.1(a), and he may receive an additional 1-level reduction under U.S.S.G. § 3E1.1(b) if it is applicable. Thus, the final anticipated offense level is 39.

c. Mr. Fowler understands that his criminal history could alter his advisory guideline range.

## Sentence Within the Discretion of the Court

8. Mr. Fowler understands that under the current state of the law in the federal system, the sentence to be imposed is within the sole discretion of the Court. The defendant understands that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. In determining the factual basis for the sentence, the Court will consider the stipulated statement of facts, together with the results of the presentence investigation, and any other relevant information. The defendant understands that the Court is under no obligation to accept any recommendation in regards to his sentence, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The defendant understands that if the Court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to his guilty plea. The defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the defendant will receive. The defendant agrees that no one has made such a binding prediction or promise.

I, John Michael Fowler, have reviewed the contents of this letter with my attorneys. I understand it and do not wish to change any part of it. I am satisfied with the representation of my attorneys.

7/6/2018
Date

John Michael Fowler, Defendant

We have carefully reviewed the contents of this letter with Mr. Fowler. He has advised us that he understands and willingly pleads guilty. To our knowledge, his decision is informed and voluntary.

7/11/18
Date

James Wyda
Federal Public Defender

7/6/18
Date

Shari Silver Derrow
Assistant Federal Public Defender